UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, et al.,<br><br>Defendant(s). | Case No.: 2:17-cv-00259-GMN-NJK<br><br>**REPORT AND RECOMMENDATION**<br><br>[Docket No. 63] |

Pending before the Court is SFR's motion for default judgment against third-party defendants Preston and Cathy Robinson. Docket No. 63. No response has been filed. The motion was referred to the undersigned magistrate judge for the preparation of a report and recommendation. The undersigned held a hearing on the motion on May 15, 2020.

**I.    BACKGROUND**

This is one of many cases arising out of a homeowners association foreclosure sale. In light of delinquent homeowners association dues, the property at 5252 Crooked Valley Drive was sold to SFR at a foreclosure sale in 2013. Claiming its interest in the property survived the foreclosure sale, Plaintiff brought suit against SFR and the homeowners association. Docket No. 1. SFR then brought its own claims to quiet title and for injunctive relief, including against third parties like the Robinsons. *See* Docket No. 15 at 16-17.[1] In conjunction with its claims, SFR

---

[1] SFR refers to the Robinsons as cross-defendants, but it appears that the Robinsons may be more properly characterized as third-party defendants since they are not named in the complaint. *Compare* Fed. R. Civ. P. 13(g) (governing crossclaims against "a coparty") *with* Fed. R. Civ. P. 14(a) (governing third-party claims against "a nonparty").

1

alleges on information and belief that the Robinsons obtained title to the property in 2006. *Id.* at 15. On August 3, 2017, SFR served summonses and its claims on the Robinsons at their residence. Docket Nos. 32, 33; *see also* Hearing Rec. (05/15/2020) (confirming the Robinsons were living at the subject property notwithstanding the earlier foreclosure sale). The Robinsons have not appeared. On July 18, 2019, SFR obtained defaults against the Robinsons. Docket Nos. 54, 55.

SFR is now before the Court on its request for entry of default judgment against the Robinsons.

**II.    STANDARDS**

Once default has been entered, a plaintiff may apply to the Court for entry of default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. The choice whether to enter default judgment is entrusted to discretion of the district court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).[2] A defendant's default alone does not entitle a plaintiff to a court-ordered judgment. *See id.* Instead, courts look at seven discretionary factors before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.*[3] In the Court's analysis, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

---

[2] Although much of the case law addresses defaulting defendants, the standards discussed herein also apply to defaulting third-party defendants. *E.g.*, *Bd. of Trustees v. Road & Highway Builders, LLC*, 2013 WL 1293127, at *3 (D. Nev. Mar. 29, 2013).

[3] The Court must also ensure that proper service was effectuated and that a sufficient basis exists to exercise personal jurisdiction over the absent party. *Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999); *DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 877-78 (N.D. Cal. 2012). The undersigned is satisfied on both accounts with respect to the Robinsons. *See* Docket Nos. 32, 33 (proofs of service at residence); Docket No. 15 at 15 (allegations regarding acquisition of title to the subject property within Nevada, giving rise to personal jurisdiction here).

2

## III. ANALYSIS

Entry of default judgment against the Robinsons is appropriate here, as evidenced by consideration of the *Eitel* factors.

The first *Eitel* factor, regarding potential prejudice to the movant, supports entry of default judgment. In particular, the Robinsons' failure to respond or otherwise appear in this case has prejudiced SFR's ability to pursue its claims on the merits. *See, e.g.*, *Wilmington Trust, N.A. v. SFR Invs. Pool 1, LLC*, 2020 WL 1941020, at *2 (D. Nev. Apr. 21, 2020). This factor militates in favor of entering default judgment.

The second and third factors, regarding the merits of the movant's substantive claim and the sufficiency of the allegations made, also support entry of default judgment. Pleas to quiet title do not have any particular elements and, instead, each party must establish its own claim to the property in question. *See Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013). A plaintiff's right to relief depends on superiority of title. *Id.* In disputes arising out of homeowner association foreclosure sales, the successful bidder can show that these factors weigh in favor of default judgment by introducing evidence that it purchased the subject property at the foreclosure sale after the homeowners association validly foreclosed on the superpriority portion of its lien. *Wilmington Trust*, 2020 WL 1941020, at *2. Such a showing has been made here. *See* Docket No. 63-1 at ¶¶ 6-10 (Hardin Decl.); Docket No. 63-3 (notice of delinquent assessment); Docket No. 63-4 (notice of default and election to sell); Docket No. 63-5 (notice of trustee's sale); Docket No. 63-6 (trustee's deed upon sale). These factors militate in favor of entering default judgment.

The fourth factor, regarding the sum of money at stake, weighs in favor of entering default judgment when the movant seeks only declaratory relief rather than damages with respect to the defaulting party. *Wilmington Trust*, 2020 WL 1941020, at *2. Such is the case here. This factor militates in favor of entering default judgment.

The fifth factor, regarding the possibility of a dispute of material facts, also supports entry of default judgment. As an initial matter, the potential for such a dispute is remote given that the Robinsons were properly served and chose to forego the opportunity to dispute the facts. *E.g.*,


*Fed. Home Loan Mortg. Corp. v. Spice Cap Mgmt. Inc.*, 2020 WL 1861965, at *2 (D. Nev. Jan. 24, 2020); *Onyx Enterps. Int'l Corp. v. Regency Global Sols., Inc.*, 2019 WL 1923637, at *2 (D. Nev. Apr. 30, 2019). Moreover, once default has been entered, the Court takes well-pleaded factual allegations as true except those related to damages. *Wilmington Trust*, 2020 WL 1941020, at *2. In this case, SFR has alleged facts that its interest in the subject property is senior to that of the Robinsons as a result of the homeowners association foreclosure sale. *See* Docket No. 15 at 10-16. Hence, there appears to be little possibility of a dispute as to material facts. This factor militates in favor of entering default judgment.

The sixth factor, regarding whether the defaulting party failed to appear as a result of excusable neglect, also supports entry of default judgment. As noted above, service was properly effectuated on the Robinsons years ago. Docket Nos. 32, 33. The deadline to respond likewise expired long ago. *See* Fed. R. Civ. P. 12(a). Defaults were entered against the Robinsons several months ago. Docket Nos. 54, 55. This motion for default judgment has been pending for several months. The Robinsons' failure to appear or otherwise file anything with respect to this action during the above time period renders the existence of excusable neglect highly unlikely. *Wilmington Trust*, 2020 WL 1941020, at *3. This factor militates in favor of entering default judgment.

The final *Eitel* factor addresses the policy preference for deciding cases on their merits. Even though such factor may militate against entering default judgment as a general matter, the Court may still find entry of default judgment appropriate based on the other *Eitel* factors. *Wilmington Trust*, 2020 WL 1941020, at *3. Given the analysis of the other factors in this case, the preference for deciding cases on their merits is insufficient—standing alone—to render entry of default judgment unwarranted.

## IV. CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that SFR's motion for default judgment against the Robinsons (Docket No. 63) be **GRANTED**.

Dated: May 15, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).